**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

UNITED STATES OF AMERICA,                 :

                                    :

v.                                        :        CASE NO.: 1:26-CR-2 (LAG)

                                      :

DEVASCO DEAN,                             :

                                      :

      Defendant.                        :

                                      :

## <u>ORDER</u>

Before the Court is Defendant Devasco Dean's Unopposed Motion to Continue Trial (Motion). (Doc. 18). Therein, Defendant Dean, unopposed by the Government, moves to continue the pretrial conference and trial in this matter, currently set for May 20 and June 15, 2026, respectively. (*Id*.; Doc. 16).

On February 10, 2026, Defendant Dean was charged in an eight-count indictment: four-counts for wire fraud in violation of 18 U.S.C. § 1343; and four-counts of making false statements in violation of 18 U.S.C. § 1001(a)(3); with a forfeiture notice under 18 U.S.C. § 981 and 28 U.S.C. § 2461(c). (Doc. 1). Defendant was arraigned on February 24, 2026, entered a not guilty plea, and was released on bond pending trial. (Docs. 7, 8, 11, 12). On February 26, 2026, Defendant filed a motion to continue requesting additional time to receive and review discovery, discuss the case with defense counsel, and engage in plea discussions with the Government. (Doc. 14). The Court granted the request and continued this matter on February 27, 2026. (Doc. 15). On May 12, 2026, Defendant filed this Motion. (Doc. 18). Defendant now seeks a continuance to discuss and review terms of a plea agreement and review potential sentencing issues. (*Id.* ¶ 3). Defendant further represents that the Government does not oppose the continuance. (*Id.* ¶ 4).

Defendant has not identified, nor is the Court aware of, a specific provision of 18 U.S.C. § 3161 that would support a continuance based on the anticipation of a change of plea. (*See id.*). Furthermore, as the Supreme Court explained in *Zedner v. United States*,

one of the primary intents of the Speedy Trial Act is to "serve the public interest" and "protect and promote speedy trial interests that go beyond the rights of the defendant[.]" 547 U.S. 489, 501 (2006). Standing alone, anticipation that the Defendant will enter a change of plea generally is not a basis to overcome the public's interest in a speedy trial. *See id.* Further, the Supreme Court explained that the purpose of ends-of-justice continuances was "to give district judges a measure of flexibility in accommodating unusual, complex, and difficult cases." *Id.* at 508. The record does not reflect, nor has Defendant indicated that this case is so unusual or complex that a continuance is necessary to avoid a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B). Finally, the lack of Government opposition is not sufficient to outweigh the public's interest in a speedy trial. *United States v. Ammar*, 842 F.3d 1203, 1206–07 (11th Cir. 2016) ("A finding that a continuance is justified solely because the parties agreed to it is not a proper ends-of-justice finding."). Accordingly, as it is not evident that "the ends of justice served by the granting of such a continuance outweigh the best interests of the public and the [D]efendant in a speedy trial[,]" Defendant's Motion (Doc. 18) is **DENIED**. 18 U.S.C. § 3161(h)(7)(A).

**SO ORDERED**, this 17th day of May, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**